## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

LEVI LUGINBYHL,                          )
                                         )
                    Plaintiff,           )
                                         )
v.                                       )          Case No. CIV-25-01455-JD
                                         )
RED ROCK CORRECTIONS CENTER              )
et al.,                                  )
                                         )
                    Defendants.          )

## <u>ORDER</u>

Before the Court is United States Magistrate Judge Shon T. Erwin's Report and

Recommendation ("R. & R.") [Doc. No. 6], to which Plaintiff Levi Luginbyhl

("Plaintiff") objected [Doc. Nos. 7, 8]. As discussed below, the Court accepts and adopts

the Report and Recommendation ("R. & R.").

Plaintiff, proceeding *pro se*, filed this case against various defendants, including

Red Rock Correctional Center, where he is incarcerated. [Doc. No. 1]. The Court referred

this action to Judge Erwin for preliminary proceedings under 28 U.S.C. § 636(b)(1)(B)

and (C). [Doc. No. 4].

The R. & R. recommends dismissing Plaintiff's Complaint without prejudice for

failure to comply with the Court's December 8, 2025 Order. [Doc. No. 6 at 2]. In the

Order, Judge Erwin ordered Plaintiff to either pay the filing fee or submit a motion to

proceed *in forma pauperis* by December 22, 2025. [Doc. No. 5]. Plaintiff did neither. The

R. & R. advised Plaintiff of his right to object by February 9, 2026, and warned that

failure to file a timely objection would waive the right to appellate review of the factual

and legal issues in the R. & R. [Doc. No. 6 at 2]. Plaintiff filed two objections on February 5, 2026, and February 11, 2026. [Doc. Nos. 7, 8].[1]

In both sets of objections, Plaintiff states that he requested an initial filing fee from his inmate trust fund several times. [Doc. Nos. 7, 8]. In his second set of objections, Plaintiff states that the Court "should take judicial notice of prior filings with in forma paupers [sic] affidavits with this court[.]" [Doc. No. 8]. He also states that he sent the inmate trust officer his *in forma pauperis* affidavit. [*Id.*].

"[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996). A specific objection "enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *Id.* at 1059. The Court reviews de novo the objected-to portions of the R. & R. *See* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). When an objection is improper (objections that are not timely or specific), the Court may review the R. & R. under any standard it deems appropriate. *Cisneros v. Gomez*, No. CIV-21-

---

[1] Plaintiff's second set of objections is postmarked February 5, 2026, and Plaintiff states he deposited it in the mail on February 3, 2026, which is before the objection deadline and would be considered timely under the prisoner mailbox rule. [*See* Doc. No. 8 at 1; Doc. No. 8-2]. While a party may serve and file written objections, there is no indication in the statute or rule that a party may file multiple sets of objections to a report and recommendation. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). Rather than examining that issue or whether the later objection would amend and supersede the original filing, in this instance, the Court considers both objections.

825-PRW, 2023 WL 2543435, at *1 (W.D. Okla. Mar. 16, 2023) (citing *Summers v. Utah*, 927 F.2d 1165, 1167–68 (10th Cir. 1991)). The Court will construe Plaintiff's objections liberally because he is proceeding pro se, but the Court cannot serve as Plaintiff's advocate. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

The Court first addresses Plaintiff's objections that he requested an initial filing fee from his prison account and that he sent the inmate trust officer his *in forma pauperis* affidavit. [*See* Doc. Nos. 7, 8]. The Court ordered Plaintiff on December 8, 2025, to pay the full civil case filing fee or submit a motion for leave to proceed *in forma pauperis* by December 22, 2025. [Doc. No. 5]. The Court specifically warned Plaintiff that "[f]ailure to comply with this Order may result in the dismissal of this action without prejudice to re-filing." [*Id.* at 2].

If Plaintiff could not pay the full filing fee or submit the motion to *proceed in forma pauperis* by that deadline, Plaintiff could have sought an extension of time to comply with the Order. *See* Fed. R. Civ. P. 7(b)(1) (explaining that requests for court action must be made by motion); *see also* LCvR6.3 (local rule governing requests for extension of time). Moreover, the law is clear that the party initiating the civil action must pay the filing fee at the time the complaint is filed or submit an *in forma pauperis* motion. *See* 28 U.S.C. §§ 1914, 1915; *see also* LCvR3.2(b) (explaining that the plaintiff in a civil action must submit the *in forma pauperis* motion "at the time the initiating documents are submitted," i.e., when the complaint is filed, or "otherwise, filing fees must be paid in full within 3 business days of filing a civil action . . . or the matter may be subject to dismissal without prejudice").

3

Plaintiff does not explain why he was prohibited from timely seeking an extension to comply with the Court's Order of December 8, 2025, following the Federal Rules of Civil Procedure and Local Civil Rules. Plaintiff also had the option to file a motion to proceed *in forma pauperis* by December 22, 2025, and did not do so. [*See* Doc. No. 5]. Plaintiff failed to file anything in response to the Court's Order of December 8, 2025. In fact, Plaintiff filed nothing in this action between the Court's Order of December 8, 2025, and the R. & R. of January 22, 2026. Further, Plaintiff's objections indicate he sought to pay an "initial filing fee" of $9.25 from his trust account and filed requests to staff, [*see* Doc. No. 7 at 1; Doc. No. 8 at 1], but that was not what Judge Erwin ordered on December 8, 2025. The Order required either the full filing fee or a motion to proceed *in forma pauperis* by December 22, 2025, and neither occurred. Plaintiff's objections do not explain his failure to comply with or respond to the Court's December 8, 2025 Order, which is the basis for the R. & R.'s recommended dismissal without prejudice. [Doc. No. 6 at 2]; *see also* Fed. R. Civ. P. 41(b) (explaining that dismissal is appropriate if "the plaintiff fails to prosecute or to comply with the[] rules or a court order").

To the extent Plaintiff asks the Court to take judicial notice of his other *in forma pauperis* motions before the Court in his other cases, the Court notes that objections to the R. & R. are not the proper vehicles to present such a request to the Court. [*See* Doc. No. 8]; *see also* Fed. R. Civ. P. 7(b)(1). Plaintiff could have moved the Court, prior to December 22, 2025, to take judicial notice of his *in forma pauperis* motion in his other cases before the Court. The Court is obligated to construe Plaintiff's filings liberally because he is proceeding pro se but must hold pro se litigants "to the same rules of

4

procedure as other litigants." *Davis v. Kan. Dep't of Corr.*, 507 F.3d 1246, 1247 n.1 (10th Cir. 2007); *see also Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (same).

For the reasons outlined above, the Court overrules Plaintiff's objections [Doc. Nos. 7, 8], and the Court ACCEPTS and ADOPTS the R. & R. [Doc. No. 6]. The Court dismisses Plaintiff's Complaint without prejudice to refiling. A separate judgment will follow.

IT IS SO ORDERED this 13th day of February 2026.

_____
JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE